**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARLON EDGARDO SIGUENZA,<br><br>Petitioner,<br><br>v.<br><br>DOMINGO URIBE, JR.,<br><br>Respondent. | Case No. 2:11-cv-08020-SSS-AGR<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus, the other records on file herein, the Report and Recommendation of the United States Magistrate Judge ("Report"), and the Objections. Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

The Report recommends denial of the First Amended Petition and dismissal of this action with prejudice. [Dkt. 118]. Petitioner's Objections focus on the Report's analysis of Grounds Six to Eight, in which Petitioner claims ineffective assistance of counsel. [Dkt. 124]. The primary basis of Petitioner's objections is that his counsel failed "to present a mental-state

defense" at trial based on Petitioner's alleged post-traumatic stress disorder ("PTSD"). [*Id.* at 6]. For the reasons discussed below, however, Petitioner's Objections to the Report do not warrant a change to the Magistrate Judge's findings or recommendation.

Petitioner objects that the record does not adequately explain counsel's failures with regard to the PTSD defense. [Dkt. 124 at 7]. But this misstates the standard, which does not require such an explanation to appear affirmatively in the record. The "absence of evidence" cannot satisfy Petitioner's burden of proving ineffective assistance of counsel. *Dunn v. Reeves*, 141 S. Ct. 2405, 2410 (2021). Indeed, even if the record suggests that counsel's conduct was "far from exemplary," the Court cannot grant relief unless the record affirmatively shows "that counsel took an approach that no competent lawyer would have chosen." *Id.* Petitioner has not made the required showing from the existing record.

Petitioner objects that he was unable to develop the record to prove his claims. He allegedly was unable to provide a declaration from counsel because counsel was unresponsive to Petitioner's letters. [Dkt. 124 at 7]. But Petitioner's vague allegation about sending letters to counsel does not include a specific allegation that he ever asked counsel to explain the failure to present a PTSD defense. Petitioner therefore has not provided enough detailed allegations to support a reasonable inference that he could not obtain a declaration from counsel about a PTSD defense. *See Porcaro v. United States*, 832 F.2d 208, 211 (1st Cir. 1987) (per curiam) (holding that where a witness allegedly will not take the time to prepare an affidavit, the petitioner must submit an affidavit with the details of the refusal and the information that could have been furnished); *see also Garuti v. Roden*, 733 F.3d 18, 25-26 (1st Cir. 2013) (holding that a petitioner's non-specific and conclusory allegations about

1  his counsel, who had refused to furnish an affidavit, were insufficient to raise a
2  substantial issue).
3        Petitioner objects that counsel's ability to secure an acquittal on
4  first-degree murder was not relevant evidence of his effectiveness. [Dkt. 124 at
5  8]. But the Report did not state that the acquittal was the determinative factor of
6  whether counsel's performance was ineffective. It was only one circumstance
7  among others. *See Eckert v. Tansy*, 936 F.2d 444, 447 (9th Cir. 1991) (an
8  evaluation of counsel's performance for objective reasonableness considers "the
9  totality of the circumstances"). Other circumstances in assessing counsel's
10 performance included the critical fact that Petitioner never told his counsel
11 about suffering from PTSD at the time of the shooting or at any other time.
12 [Dkt. 118 at 32].
13       Petitioner objects that the Report afforded too much weight to the
14 testimony of Justin Turman. [Dkt. 124 at 9-10]. Turman, an eyewitness,
15 testified that Petitioner methodically loaded the gun, pointed it at the victim,
16 twice stated his intention to "do this," and then shot the victim. [*Id.* at 9].
17 Petitioner argues that Turman's testimony had no value because the jury
18 acquitted Petitioner of first-degree premeditated murder. [*Id.*]. To the contrary,
19 as the Report found, "Petitioner's belief that the jury's failure to convict him of
20 first-degree murder necessarily means it rejected Turman's testimony is
21 speculative. Turman's testimony supported malice aforethought, which the jury
22 believed beyond a reasonable doubt that Petitioner had when he murdered [the
23 victim]." [Dkt. 118 at 39]. The Report did not err in finding that, even if the
24 jury may have rejected Turman's testimony about premeditation, his testimony
25 still had evidentiary value about malice. *See United States v. Messina*, 806 F.3d
26 55, 64 (2d Cir. 2015) ("[A] factfinder who determines that a witness has been
27 inaccurate, contradictory and even untruthful in some respects may nevertheless

find the witness entirely credible in the essentials of his testimony.") (citation and internal quotation marks omitted).

Petitioner objects that he should have been granted an opportunity for factual development of his PTSD claim. [Dkt. 124 at 11]. As the Report noted, no medical expert has diagnosed Petitioner with PTSD. [Dkt. 118 at 35]. Petitioner argues that he should have been granted an evidentiary hearing to develop that evidence. [Dkt. 124 at 11]. To the contrary, Petitioner's allegations about having PTSD were too speculative to warrant further evidentiary development. Allegations based only on speculation are insufficient to entitle a habeas petitioner to an evidentiary hearing, in either state or federal court. *See Woods v. Sinclair*, 764 F.3d 1109, 1128 (9th Cir. 2014) (petitioner was not entitled to an evidentiary hearing in state court "when all he could offer was speculation that an evidentiary hearing might produce [helpful] testimony or other evidence"); *Morris v. State of Cal.*, 966 F.2d 448, 455-56 (9th Cir. 1991) (petitioner was not entitled to an evidentiary hearing in federal court based on a "bare allegation" and "speculation as to the contents" of testimony; "wishful suggestions cannot substitute for declaratory or other evidence.").

Petitioner objects that a reasonable attorney would have been on notice of the potential PTSD issue. [Dkt. 124 at 13-14]. Petitioner argues that his counsel was on notice because of Petitioner's testimony about the shooting, which included descriptions such as "just one long blur," "slow motion," and "everything frozen," as well as Petitioner's testimony of having no memory of it. [*Id.*]. Yet, as the Report found, Petitioner never told his counsel about suffering from PTSD, and Petitioner has never been diagnosed with PTSD. [Dkt. 118 at 32, 35]. Given this context, Petitioner's description of how he perceived the shooting, by itself, was insufficient to put counsel on notice of a possible PTSD defense. *See Wilson v. Henry*, 185 F.3d 986, 990 (9th Cir. 1999)

(holding that evidence that petitioner had been beaten the day before he fatally shot someone was insufficient to put counsel on notice of a possible mental state defense); *Williams v. Calderon*, 52 F.3d 1465 1471 (9th Cir. 1995) ("[E]ven today, no psychiatrist has said [petitioner] was not sane."); *see also Michaels v. Davis*, 51 F.4th 904, 960-61 (9th Cir. 2022) (holding that counsel was not on notice of mitigating evidence of mental illness in petitioner's family where there was no diagnosis at the time of trial and where the available evidence of mental health treatment was insufficient to put counsel on notice to investigate the issue).

Petitioner objects that the Report inadequately conveys the significance of Dr. Rudnick's letter. [Dkt. 124 at 15-16]. In the letter, written four years after Petitioner was convicted, Dr. Rudnick told Petitioner, "I believe that you may well qualify for a diagnosis of chronic PTSD," but it "is less clear as to how that may have influenced your behavior in the subject incident, over and above the effects of drug intoxication." [Dkt. 14-3 at 13]. Contrary to Petitioner's objection, the Report reasonably found that Petitioner's reliance on this letter was "misplaced" because Dr. Rudnick "did not offer any medical or legal opinion concerning Petitioner." [Dkt. 118 at 35].

Petitioner objects that the Report erroneously considered individual instances of counsel's conduct, rather than considering counsel's "conduct as a whole." [Dkt. 124 at 17-18]. To the contrary, the Report did properly consider counsel's conduct as a whole, by carefully analyzing and discussing each of the "specific instances of [counsel's] conduct that [allegedly] demonstrate incompetent performance." *Browning v. Baker*, 875 F.3d 444, 471 (9th Cir. 2017). Moreover, Petitioner does not persuasively argue how the Report would have reached a different result by organizing its analysis in the way he insists is required. For example, Petitioner argues that counsel's selected defense of an

"imperfect defense of others was a dead-bang loser" under California law. [Dkt. 124 at 18]. To the contrary, as the Report correctly found, the trial court permitted the defense in light of evidence of Petitioner's extensive drug use, and explicitly instructed the jury on it. [Dkt. 118 at 43-44].

The Court accepts the findings and recommendation of the Magistrate Judge. Judgment will be entered denying the First Amended Petition for Writ of Habeas Corpus and dismissing this action with prejudice.

**IT IS SO ORDERED.**

DATED: February 14, 2024

SUNSHINE S. SYKES
United States District Judge